**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

UNITED STATES OF AMERICA,

Plaintiff,

vs.

GUADALUPE ROJAS-GUZMAN,

Defendant.

3:11-cr-00088-RCJ-VPC-**1**

GUADALUPE ROJAS-GUZMAN,

Plaintiff

vs.

UNITED STATES OF AMERICA,

Defendant.

3:14-cv-00470-RCJ

**ORDER**

Pending before the Court is Defendant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 41).[1] For the reasons given herein, the Court denies the motion.

## I. FACTS AND PROCEDURAL HISTORY

Defendant Guadalupe Rojas-Guzman pled guilty to one count of Unlawful Reentry by a Deported, Removed, or Excluded Alien, 8 U.S.C. 1326(a), and the Court sentenced him to 240

[1]Except where otherwise noted, all citations to the record in this Order refer to Case No. 3:11-cr-88.

months imprisonment. (*See* Am. J. 1–2, ECF No. 35). The Court simultaneously sentenced Defendant to 264 months imprisonment for a separate offense charged in Case No. 3:10-cr-109. Defendant appealed both convictions and sentences. The Court of Appeals affirmed in both cases, noting that Defendant had not raised any claims of error as to the conviction for unlawful reentry and had therefore waived any claims in this case. (*See* Mem. Op. 2 n.1, June 19, 2013, ECF No. 38). The mandate issued on July 12, 2013. (*See* Mandate, ECF No. 39). Defendant has filed the present motion, asking the Court to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Defendant has filed the motion both in the underlying criminal case and separately such that the Clerk has opened a second, civil case based on the motion. Only the filing of the motion in the underlying criminal case was proper. The Court will therefore strike the motion in the separate civil case and order the Clerk to close that case. The Court will address the motion in the underlying criminal case.

## II. LEGAL STANDARDS

Substantive legal arguments not raised on direct appeal are said to be "procedurally defaulted" and cannot be raised later in a collateral attack. *See Massaro v. United States*, 538 U.S. 500, 504 (2003). There are exceptions to the procedural default rule when a defendant can show (1) cause and prejudice, or (2) actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003) (citing *Bousley v. United States*, 523 U.S. 613, 622 (1998)). This has been the test since *Wainwright v. Sykes*, 433 U.S. 72, 90–91 (1977).

"Cause" means "some objective factor external to the defense" that impeded the defendant's efforts to comply with the procedural requirement. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). Among the reasons that can constitute "cause" are government coercion, *see United States v. Wright*, 43 F.3d 491, 497–99 (10th Cir. 1994), ineffective assistance of counsel, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991), and a "reasonable unavailability of the factual or

legal basis for the claim." *See id.*

Ineffective assistance of counsel is "cause" excusing procedural default only where the failure rises to the level of a constitutional violation under *Strickland*. *United States v. Skurdal*, 341 F.3d 921, 925–27 (9th Cir. 2003) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Ineffective assistance of counsel claims meeting the *Strickland* test are not procedurally defaulted, and such claims can be brought for the first time under a § 2255 motion even if they could also have been brought on direct appeal. *Massaro*, 538 U.S. at 504. Ineffective assistance of counsel claims under § 2255 are essentially a special variety of "cause and prejudice" claim. The prejudice required is the same, but the cause is based specifically on constitutionally deficient counsel rather than some other miscellaneous "objective factor external to the defense." *McCleskey*, 499 U.S. at 493.

The Sixth Amendment right to effective assistance of counsel is violated when: (1) counsel's performance was so deficient so as not to constitute the "counsel" guaranteed by the Sixth Amendment; and (2) the deficiency prejudiced the defense by "depriv[ing] the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. There is a "strong presumption" of reasonable professional conduct. *Id.* at 698. When this presumption is overcome and an attorney's "unprofessional errors" are such that there is a "reasonable probability" the result would have been different had the errors not occurred, the defendant has been deprived of his Sixth Amendment rights. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). "Reasonable probability" is a lower standard than "more likely than not." *Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The analysis does not focus purely on outcome. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). The trial must also have been fundamentally unfair or unreliable. *Williams v. Taylor*, 529 U.S. 362, 391–92 (2000). Counsel's tactical decisions with which a defendant disagrees do not rise to the level of ineffective assistance unless the decisions

are so poor as to meet the general test for constitutionally defective assistance. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 85–86 (2009).

"Prejudice" means that "the constitutional errors raised in the petition actually and substantially disadvantaged [a defendant's] defense so that he was denied fundamental fairness." *Murray v. Carrier*, 477 U.S. 478, 494 (1986). A showing of prejudice requires demonstration of a "reasonable probability that . . . the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Vansickel v. White*, 166 F.3d 953, 958–59 (9th Cir. 1999) (quoting *Strickland*, 466 U.S. at 694)).

Also, issues "clearly contemplated by, and subject to, [a] plea agreement waiver" cannot be brought in a § 2255 motion. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993); *see United States v. Pipitone*, 67 F.3d 34, 39 (2d Cir. 1995) (holding that waiver of the right to appeal does not constitute "cause" excusing procedural default on an issue). This is a commonsense rule. If waiver of the right to appeal itself constituted cause excusing a failure to appeal, a defendant who had waived his right to appeal would have the same ability to obtain review as a defendant who had not waived that right.

**III. ANALYSIS**

Because Defendant failed to raise any claims on direct appeal, any claims in the present motion (except those for ineffective assistance) are procedurally defaulted, and Defendant has waived any such collateral challenges to his conviction and sentence, anyway. (*See* Plea Mem. ¶ 13, ECF No. 26). Therefore, the Court will address only the first two grounds for review, which are based on ineffective assistance of trial counsel.

First, Defendant argues that his trial counsel was ineffective for failing to properly advise him of the amount of time he could receive by accepting the plea agreement. The recording of Defendant's change-of-plea hearing on May 21, 2012 reveals this claim to be without merit.

Defendant swore at that hearing, *inter alia*, that he understood his trial rights and waived them, that he was "completely" satisfied with his counsel, that he had discussed the terms of the plea agreement with his counsel and that she had answered all of his questions, that he understood the terms of the plea agreement and the possible range of his sentence, that no one had made him any promises outside of the plea agreement, that he understood had an obligation to reveal any such promises, and that he did not make the plea under any duress. Moreover, Defendant appears to be under the mistaken impression that he received a life sentence, not the maximum of 240 months he bargained for. But the Amended Judgment makes clear that Defendant's sentence is 240 months imprisonment.

Second, Defendant argues that trial counsel was ineffective for failing to make further investigation into facts concerning the pre-sentencing report. He argues that counsel should have obtained an expert to testify as to his state of mind during the offense based on his drug use. But Defendant allocuted to having committed the offense and thereby waived any affirmative defense of incapacity. His state of mind at the time of the offense would not tend to mitigate the offense. Next, Defendant complains of trial counsel's alleged failure to conduct any pre-trial discovery. But Defendant has allocuted to the offense. No failure to conduct pre-trial discovery can therefore have resulted in any prejudice as to conviction.

Third, Defendant argues that the Court improperly enhanced his sentence with facts not found by a jury. As noted, *supra*, this claim is both waived and procedurally defaulted. It is without merit in any case. As an initial matter, Defendant nowhere identifies the alleged judge-found facts used to improperly enhance his sentence. His motion recounts the case law for ten pages, but nowhere identifies the alleged error in the present case. In any case, *Alleyne* and *Apprendi* only prevent a court from increasing statutory minimums and maximums based on judge-found facts. A court may enhance a sentence with judge-found facts if the resulting

sentence is still *within* the statutory range implicated by an allocution. *United States v. Booker*, 543 U.S. 220, 233 (2005) ("[W]hen a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant."). The 240 month sentence is imposed is not greater than the statutory maximum.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 41 in Case No. 3:11-cr-88) is DENIED.

IT IS FURTHER ORDERED that the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (ECF No. 1 in Case No. 3:14-cv-470) is STRICKEN, and the Clerk shall close that case.

IT IS FURTHER ORDERED that the Clerk shall enter this Order into the dockets of both of the above-captioned cases.

IT IS SO ORDERED.

Dated: This 15th day of October, 2014.

ROBERT C. JONES
United States District Judge